JANE WRIGHT *vs.* WILLIAM SMITH & another.

In an action on a written agreement to pay a sum of money, evidence is inadmissible to show a previous oral agreement that the defendant should be allowed to deduct a sum of money then due from the plaintiff to him from the next amount which should become due from him to the plaintiff.

ACTION OF CONTRACT on the following written agreement: " Boston, May 30, 1857. We promise to pay Mrs. J. Wright sixty dollars, if John Myers and Joseph Feaas proceed to sea in the ship Cato, agreeably to the articles they have signed, this present voyage. $60. Smith & Adams."

In the superior court of Suffolk at May term 1859, trial by jury was waived. The defendants offered evidence that on the 11th of February 1857 the plaintiff was owing them the sum of six dollars, and it was then agreed between the parties that the defendants should not press the payment of that debt, but should deduct it out of the next sum of money which should become due from the defendants to the plaintiff, they having occasionally business together; and that when the plaintiff demanded payment of sixty dollars under the agreement sued on, they claimed to deduct that debt and made a tender of the residue. But *Morton,* J. ruled that it was not competent for the defendants to control or vary the contract sued on by the evidence offered, and gave judgment for the plaintiff for the full amount. The defendants alleged exceptions.

*C. G. Thomas,* for the defendants.

*H. C. Hutchins,* for the plaintiff, was stopped by the court.

BY THE COURT. This is a clear attempt to vary a written contract by parol evidence. The defendants offer to show that when they promised in writing to pay sixty dollars in cash, there was an agreement resting in parol proof that it should be paid by a lesser sum than they had agreed in writing to pay. Any such agreement of course became merged in the writing.

*Exceptions overruled.*